UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KATHRYN HENDERSON,

    Plaintiff,

v.

NORDSTROM, INC.,

    Defendant.

CASE NO. C05-0022RSM

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on defendant's Motion for Summary Judgment. (Dkt. #13). In this age discrimination action under the Age Discrimination in Employment Act ("ADEA") and the Washington Law Against Discrimination ("WLAD"), defendant argues that plaintiff cannot make a prima facie case of disparate treatment based on her discharge because plaintiff's performance was unsatisfactory, her replacement had superior qualifications to hers, and because she was not, in fact, discharged, but only removed from her specific position. Defendant further argues that summary judgment is appropriate because plaintiff has not made a sufficient showing of pretext in response to defendant's proffered non-discriminatory motive.

Plaintiff responds that defendant's proffered explanation of "unsatisfactory performance" is false, and a reasonable trier of fact may therefore infer the existence of age discrimination. (Dkt. #24 at 5-7). Plaintiff also requests a Rule 56(f) continuance in order to pursue discovery of evidence in support of her disparate impact claim.

For the reasons set forth below, the Court agrees with defendant and hereby GRANTS

ORDER
PAGE - 1

its motion for summary judgment.

## II. DISCUSSION.

**A. Background**

Plaintiff, Kathryn Henderson, was employed by defendant, Nordstrom, Inc. for nearly eight years. (Dkt. #24 at 3). For most of plaintiff's career, she worked as a salesperson in the jewelry and cosmetics departments at the Southcenter Nordstrom store in Tukwila, Washington. (Dkt. #21 at 2). In September 2002, plaintiff was chosen to become Assistant Manager of Human Resources ("HR") at the Southcenter store. (Dkt. #21 at 2).

At that time, Southcenter Nordstrom HR had two employees: plaintiff, and Brenda Hicks, the HR Manager. (Dkt. #15 at 1-2). In February of 2003, six months after plaintiff's hiring, Ms. Hicks left the Southcenter store for a position elsewhere in the company. (Dkt. #21 at 3). Jean Casper became the Southcenter HR Manager in March 2003. (Dkt. #15 at 4). Ms. Casper had previously been HR manager at the Bellevue, Washington Nordstrom store. (Dkt #19 at 1).

In April 2003, Ms. Casper told plaintiff that she needed to see immediate improvement in plaintiff's organization, commitment, and performance. (Dkt. #14 at 69).[1] On May 13, 2003, Ms. Casper informed plaintiff that she was removing her from the HR Assistant position. (Dkts. #14 at 90 and #19 at 3).

Plaintiff attempted without success to secure another position at Nordstrom from June to November, 2003. (Dkt. #14 at 13-14 and 94). In November 2003, plaintiff applied for a position in cosmetics sales at the Bellevue Nordstrom store. (Dkt #14 at 94-95). Plaintiff went for an interview but was not hired for the position. (Dkt #14 at 94). Plaintiff was hired as a cosmetics salesperson at Macy's in February 2004 and is currently employed there. (Dkt. #14 at 6).

---

[1] For ease of reading, the Court cites to the original deposition page numbers.

ORDER
PAGE - 2

Plaintiff filed two discrimination complaints with the Washington State Human Rights Commission. The first complaint, filed on July 22, 2003, pertained to the May 2003 "discharge." The second, filed on January 23, 2004, pertained to the "failure to hire" in November 2003. (Dkt. #1 at 2). The record does not indicate what, if any, action the Commission took on the complaints.

This lawsuit followed. Plaintiff raises three claims of age discrimination: disparate treatment based on her discharge, disparate treatment based on defendant's failure to hire her at the Bellevue store, and disparate impact based on her discharge. She makes each of these claims under both the ADEA (29 U.S.C. § 623) and the WLAD (RCW 49.60.180 (West 2006)).

**B. Summary Judgment Standard**

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The Court must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds,* 512 U.S. 79 (1994). The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. *See Anderson*, 477 U.S. at 257. Mere disagreement, or the bald assertion that a genuine issue of material fact exists, no longer precludes the use of summary judgment. *See California Architectural Bldg. Prods., Inc., v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987).

Genuine factual issues are those for which the evidence is such that "a reasonable jury could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248. Material facts are those which might affect the outcome of the suit under governing law. *See id.* In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but

"only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *O'Melveny & Meyers*, 969 F.2d at 747). Furthermore, conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment. *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 60 F. 3d 337, 345 (9th Cir. 1995). Similarly, hearsay evidence may not be considered in deciding whether material facts are at issue in summary judgment motions. *Blair Foods, Inc. v. Ranchers Cotton Oil*, 610 F. 2d 665, 667 (9th Cir. 1980).

**C. Motions to Strike**

The parties have raised various requests to strike materials submitted on this motion. The Court addresses each in turn.

*1. Plaintiff's Declaration*

Defendant asks this court to strike plaintiff's declaration in its entirety on the basis that it is contradictory to her earlier sworn deposition. Defendant first notes that plaintiff cannot "create an issue of fact by an affidavit contradicting [her] prior testimony." *Kennedy v. Allied Mutual Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991). Defendant points to specific contradictory statements, including: plaintiff's qualifications relative to those of her replacement, the role of age as a factor in defendant's decision to terminate plaintiff, and the amount of warning (if any) that plaintiff received that her performance was lacking prior to her termination. (Dkt. #26 at 3-5).

Defendant is correct that plaintiff's declaration appears to contradict her sworn deposition in a number of respects. However, the Court need not strike plaintiff's entire declaration in order to effectuate the rule against self-contradictory evidence. Instead, in its analysis below, the Court will evaluate plaintiff's statements with particular attention to potential contradictions with her earlier deposition.

*2. Declaration of Thomas Cline*

ORDER
PAGE - 4

Defendant also moves to strike Thomas Cline's declaration on the basis that the newspaper article referenced therein lacks foundation and that it is irrelevant and has no probative value because it is vague and remote in time. (Dkt. #26 at 5).  However, as further discussed below, the Court finds summary judgment appropriate for other reasons.  Therefore, this request is moot.

### 3. Declaration of Bruce Sydow

Defendant further argues that the Court should strike the declaration of Bruce Sydow, Instructor of Sociology at Tacoma Community College.  Defendant asserts that the subject matter of Mr. Sydow's declaration is not so technical as to require the aid of an expert.  However, as further discussed below, the Court finds summary judgment appropriate for other reasons.  Therefore, this request is also moot.

### 4. Paintiff's Motions to Strike

As further discussed below, the Court finds summary judgment appropriate for reasons independent of plaintiff's motions to strike.  Therefore, these requests are moot.

### E. Defendant's Motion for Summary Judgment

### 1. Disparate Treatment based on Discharge

Plaintiff claims that defendant discharged her because of her age, in violation of the ADEA and the WLAD.  Both federal and Washington courts apply the *McDonnell Douglas Corp.* burden-shifting analysis to ADEA and WLAD disparate treatment claims. *Pottenger v. Potlatch Corp.*, 329 F.3d 740, 745 (9th Cir. 2003); *Hill v. BCTI Income Fund-I*, 144 Wn.2d 172, 185-186, 23 P.3d 440 (2001).  Under this analysis, plaintiff must first make a prima facie case of discrimination. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1281 (9th Cir. 2000). The burden then shifts to defendant to articulate a non-discriminatory reason for its action. *Id.*  If defendant does so, the burden shifts back to plaintiff to show that the alleged non-discriminatory reason is a pretext for a discriminatory motive. *Id.*

a.  Prima Facie Case

In order to establish a prima facie case of age discrimination under the ADEA or the WLDA, plaintiff must show that "she (1) was within the statutorily protected age group, (2) was discharged by the defendant, (3) was doing satisfactory work, and (4) was replaced by a significantly younger person." *Coleman v. Quaker Oats Co.*, 232 F.3d at 1281; *Hill v. BCTI Income Fund-I*, 144 Wn.2d at 188.  The federal standard also requires that the plaintiff's replacement have "equal or inferior qualifications" to the plaintiff. *Coleman*, 232 F.3d at 1281. The plaintiff's burden in establishing a prima facie case is not a heavy one; the plaintiff need only provide "very little" evidence which gives rise to an inference of unlawful discrimination. *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994).

Plaintiff has provided sufficient evidence to make a prima facie case.  First, she is clearly within the protected age group.  She was 44 years old at the time of her removal from the HR Assistant position, older than the minimum age of 40 protected by the ADEA and the WLAD. (Dkt. #24 at 3); *Nakai v. Wickes Lumber Co.*, 906 F.Supp. 698, 703 (D. Me. 1995); R.C.W. 49.44.090.  Second, plaintiff has provided evidence that she was discharged.  Defendant contends that it did not discharge plaintiff completely, but rather only removed her from her HR position. (Dkt. #13 at 13-14).  However, plaintiff demonstrates that defendant did not tell plaintiff where to report to work the day after she was removed from her HR position and that she was unemployed between May 2003 and February 2004 because her efforts to secure a different position with defendant were unsuccessful. (Dkt. #24 at 4, 6, 13-14, and 94).  As to the third requirement of satisfactory performance, plaintiff's own declaration and the declaration of Ms. Hicks show that plaintiff's performance was satisfactory given her short time on the job. (Dkts. #21 at 3, 4-7 and #20 at 4).  Lastly, plaintiff alleges, and defendant does not deny, that plaintiff's replacement was significantly younger than plaintiff, satisfying the fourth requirement for a prima facie case. (Dkt. #24 at 3-4).

ORDER
PAGE - 6

1  Defendant contends that plaintiff does not meet the ADEA requirement of showing that
2  plaintiff's replacement was equally or less qualified than plaintiff. However, plaintiff offers
3  evidence that Kelly Mason, her replacement, had been employed with defendant for only 11
4  months at the time that she replaced plaintiff, and that she did not have any objective job
5  qualifications that were superior to plaintiff's qualifications. (Dkt. #25 at 6). Defendant argues
6  that these statements contradict statements that plaintiff made in her deposition (Dkt. #14).
7  Plaintiff admits in her deposition that Ms. Mason "probably" had more general HR knowledge
8  than plaintiff and that Ms. Mason was better able to conduct the interview process than plaintiff
9  (Dkt. #14 at 52 and 64). These facts, however, do not paint a full picture of plaintiff's
10 qualifications in relation to Ms. Mason's. The facts also do not directly contradict plaintiff's
11 evidence, provided in her first supervisor's declaration, that it takes approximately a year for an
12 HR assistant to acquire all of the necessary skills and that plaintiff was acquiring those skills at a
13 wholly satisfactory pace. (Dkt. #20 at 3-4). Plaintiff has satisfied her burden of providing at
14 least "little evidence" which may give rise to an inference of discrimination and has made a prima
15 facie case of age discrimination. *Wallis*, 26 F.3d at 889.

### b. Defendant's Proffered Non-Discriminatory Motive

The burden now shifts to defendant to articulate a legitimate, non-discriminatory reason for its decision to remove plaintiff from her HR position. *Coleman*, 232 F.3d at 1282. At this stage, defendant bears the burden of production, not the burden of persuasion. *Reeves v. Sanderson Plumbing Products, Inc.*, 533 U.S. 133, 142 (2000). Defendant has met this burden by alleging that "plaintiff failed performance expectations." (Dkt. #13 at 15). Defendant supports its contention with declarations from plaintiff's supervisors and co-workers that plaintiff's performance was unsatisfactory. (Dkts. #15 at 3, #16 at 2, #18 at 3 and #19 at 2-4).

### c. Plaintiff's Showing of Pretext

After defendant articulates a legitimate, non-discriminatory explanation for terminating

ORDER
PAGE - 7

plaintiff, the burden shifts back to plaintiff to show that "a rational trier of fact could, on all the evidence, find that [defendant's] explanation was pretextual and therefore its action was taken for impermissibly discriminatory reasons." *Pottenger*, 329 F.3d at 746. Plaintiff's burden at this stage is heavier than at the prima facie stage. *Coleman*, 232 F.3d at 1282. She must now provide "specific, substantial evidence of pretext." *Id.* Plaintiff may demonstrate pretext through evidence of discrimination or by providing evidence that defendant's proffered non-discriminatory explanation is not believable. *Pottenger*, 329 F.3d at 746.

Plaintiff offers no direct evidence of intentional age discrimination. Plaintiff testifies in her deposition that no one at Nordstrom ever made a discriminatory comment to her about her age, nor did she ever overhear anyone making a negative comment about her age in the workplace. (Dkt. #14 at 42). However, plaintiff correctly notes that a prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Reeves*, 533 U.S. at 148.

Plaintiff creates issues of fact as to the veracity of defendant's proffered explanation of "unsatisfactory performance." Defendant cites several incidents as evidence that plaintiff's performance on the job was unsatisfactory:

- plaintiff failed to respond in a timely manner to requests from Vickie Woo, Nordstrom Regional HR Director, to meet with and make plans to better support department managers. (Dkt. #13 at 4-5).
- Ericka (Sander) Carlsen, Petite Focus Manager, was disappointed with the assistance she received from plaintiff in filling positions in her department. (Dkt. #13 at 5).
- plaintiff received training from Ms. Mason, her eventual replacement, on general HR processes and the interview process for the Half-Yearly Sale. Plaintiff did not display initiative to learn, and her performance did not improve. (Dkt. #13 at 7).

ORDER
PAGE - 8

- Ms. Casper attempted to train plaintiff in the New Hire Orientation process, which was part of plaintiff's duties. Ms. Casper was unsatisfied that plaintiff would be able to conduct the orientation in the future. (Dkt. #19 at 3).
- Ms. Casper identified weaknesses in plaintiff's performance: lack of self-motivation, initiative, and organization. (Dkt. #13 at 8-9). Ms. Casper told plaintiff that she expected to see improvement in those areas, but plaintiff did not improve to Ms. Casper's satisfaction.
- Ms. Casper generally felt that plaintiff was "overwhelmed" by her position, and plaintiff was aware of this concern prior to her removal from her HR Assistant position. (Dkt. #14 at 41).

Plaintiff refutes the above evidence generally by offering the declaration of her first supervisor in HR, Ms. Hicks. (Dkt. #20). Ms. Hicks declares that plaintiff was willing and able to learn new skills and that Ms. Hicks "never for a moment considered demoting her or terminating her employment." (Dkt. #20 at 4). Plaintiff herself also presents a different version of each of the incidents that defendant uses as evidence of her unsatisfactory performance. Plaintiff contends that:

- she failed to meet with store managers in a timely manner because the managers were not available for meetings. (Dkt. #20 at 4).
- she kept the application filing system which disappointed Ms. Carlsen in full accordance with instructions from her then supervisor, Ms. Hicks. (Dkt. #20 at 5).
- She displayed initiative to learn from Ms. Mason by asking a lot of questions. (Dkt. #20 at 6).
- She accomplished the task of meeting with department managers about their needs for the Half-Yearly Sale despite "obstacles presented" by "disorganized and distracted" managers. (Dkt. #20 at 6-7).

ORDER
PAGE - 9

- Following her training with Ms. Mason and Ms. Casper, she performed what she believed was a "satisfactory" New Hire Conference. (Dkt. #20 at 6).

While plaintiff does create issues of fact, these issues of fact are not material to the ultimate legal issue in this case–whether a reasonable fact finder can, based on the alleged falsity of defendant's "unsatisfactory performance" explanation, infer that age discrimination must have motivated defendant to remove plaintiff from her position. In order to prevail on a disparate treatment age discrimination claim, plaintiff must show evidence that defendant had a discriminatory motive for its actions against her. *Foster v. Arcata Associates, Inc.*, 772 F.2d 1453, 1458 (9th Cir. 1985) (*citing International Brotherhood of Teamsters v. United States,* 431 U.S. 324, 335 n15 (1977)). A finder of fact may sometimes infer discriminatory motive from differences between the treatment of the plaintiff and others outside of her protected class. *Id.* However, plaintiff negates any possibility of an inference of age discrimination in her deposition testimony. Plaintiff states in her deposition that she believes that Ms. Casper, her supervisor who made the decision to remove her from her position, did not treat her any differently because of her age. (Dkt. #14 at 20). She further states that Ms. Casper removed her from her position because Ms. Casper "didn't agree with the way [plaintiff] was running the office pretty much." (Dkt. # 14 at 121). Plaintiff also testifies that Ms. Casper's supervisor, Vickie Woo, never treated her differently because of her age. (Dkt. #14 at 46). While plaintiff complains of an unfair lack of training and inadequate time to meet with her supervisor, she makes it clear that the lack of training and meeting time had "nothing to do with [her] age." (Dkt. #14 at 43).

Plaintiff cannot "create an issue of fact by an affidavit contradicting [her] prior testimony" unless plaintiff demonstrates that the new affidavit explains the prior testimony or reflects newly discovered facts. *Kennedy*, 952 F.2d at 266. Plaintiff's statement in her declaration that she "suspects and would infer that age was a substantial factor" in her

termination directly contradicts her previous deposition testimony. (Dkt. #21 at 7).  Her statement does not attempt to clarify any statements she made in the previous deposition, nor does she claim that she has discovered new facts since the deposition.  Thus the Court will not consider plaintiff's contradictory statement when evaluating this motion for summary judgment.

Plaintiff has testified that neither the alleged unfair treatment by defendant during her employment nor her removal from the position as HR Assistant had anything to do with her age.  No rational finder of fact could then infer from plaintiff's evidence that defendant discriminated against her because of her age.  Accordingly, the Court agrees with defendant that summary judgment is appropriate on plaintiff's "disparate treatment"/discharge claim.

### 2. *Disparate Treatment based on Failure to Hire*

Plaintiff interviewed for a job as a cosmetics salesperson at the Bellevue Nordstrom store in November 2003.  (Dkt #14 at 38-39).  She was not hired for the position. (Dkt #14 at 38).  Plaintiff now alleges that this failure to hire was motivated by age discrimination in violation of the ADEA (29 U.S.C. § 623) and the WLAD. (RCW 49.60.180 (West 2006)).

The same burden-shifting scheme applies in failure to hire cases as in discriminatory discharge cases. *See Cotton v. City of Alameda*, 812 F.2d 1245, 1248 (9th Cir 1987*)*; *Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir. 1983). Plaintiff must first establish a prima facie case of age discrimination.  In a "failure to hire" context, a prima facie case consists of a showing that: (1) plaintiff was in the protected class of persons, (2) plaintiff applied for a position for which she was qualified, and (3) a younger person with similar qualifications received the position.  *Cotton*, 812 F.2d at 1248.

Plaintiff is a member of the protected class, and she offers evidence that she had considerable qualifications for a cosmetics sales position. (Dkt. #21 at 2).   However, plaintiff fails to make her prima facie case because she does not provide evidence that a younger person with similar qualifications received the position.  Defendant demonstrates that no one was hired

for the position. (Dkt. #15 at 4). Instead, the position was covered by two existing part-time employees, aged 63 and 45. (Dkt. #15 at 4). Plaintiff's only evidence to the contrary is her own deposition testimony that she heard "through the grapevine" that a younger and less qualified person had been hired for the position. (Dkt. #14 at 97). This evidence is insufficient to satisfy the third prong of the prima facie case requirement. The Court concludes that summary judgment on plaintiff's failure to hire claim is appropriate.

### 3. Disparate Impact – Standing

The parties did not raise the issue of standing in their briefing. However, the Court finds it appropriate to evaluate whether plaintiff has standing to bring a disparate impact claim in light of its conclusion that plaintiff's deposition testimony negates any inference of age discrimination.

In order to have standing to bring a disparate impact claim, a plaintiff must have suffered actual injury as a result of the complained-of conduct. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992). Therefore, while a defendant may have a policy that results in a disparate impact, a plaintiff does not have standing to challenge that policy unless the policy actually affected her. *See Paige v. California*, 291 F.3d 1141, 1145-1147 (9th Cir. 2002). To avoid summary judgment, a plaintiff must present some evidence (in the form of a declaration, for example) that she was actually injured by the policy in question. *Lujan*, 504 U.S. at 561; *See Phillips v. Cohen*, 400 F.3d 388, 396 (6th Cir. 2005).

Plaintiff alleges that "when there are no policies in place to curtail the discretion of decision makers," those decision makers automatically and subconsciously discriminate in favor of people who are similar to them (known as members of their "ingroups"). (Dkt. #24 at 9). Plaintiff further alleges that defendant delegates discretionary authority to low-level managers, who harbor ingroup biases. (Dkt. #24 at 2). The U.S. Supreme Court has acknowledged that this kind of subconscious bias combined with unchecked discretion may lead to discriminatory

impact, and that disparate impact claims are appropriate for such situations. *Watson v. Fort Worth Bank and Trust*, 487 U.S. 977, 990-991 (1988).

Even assuming, *arguendo*, that defendant does regularly leave discharge decisions to the unfettered discretion of its low-level managers, plaintiff must still offer evidence that she has, in fact, been adversely affected by this policy. As outlined above, plaintiff asserts in her deposition that age did not have anything to do with her treatment, training, or discharge. (Dkt. #14 at 20, 43, 46). She also admits that Ms. Casper, her supervisor, discharged her primarily because Ms. Casper was unhappy with her job performance. (Dkt. #14 at 121). Plaintiff does not allege that Ms. Casper discriminated against her based on age, consciously or unconsciously. Plaintiff offers no evidence of personal injury due to defendant's employment policy, and does not meet her *Lujan* burden. Therefore, the Court concludes that the plaintiff does not have standing to bring a disparate impact claim. For the same reasons, the Court finds it unnecessary to address plaintiff's request for a Rule 56(f) continuance.

### III. CONCLUSION

Having reviewed defendant's motion for summary judgment (Dkt. #13), plaintiff's opposition (Dkt. #24), defendant's reply (Dkts. #26), the declarations and evidence in support of those briefs, and the remainder of the record, the Court hereby ORDERS:

(1) Defendant's motion for summary judgment (Dkt. #13) is GRANTED in its entirety, and plaintiff's claims are DISMISSED. This case is now CLOSED.

(2) The Clerk shall forward a copy of this Order to all counsel of record.

DATED this 27th day of April, 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 13